# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**V.**

BRYANT A. LEWIS, aka "Willis Thomas"

## CRIMINAL COMPLAINT

CASE NUMBER: 1:17-mj-00097

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Count One: On or about January 30, 2017, in the Southern District of Indiana, defendant Bryant A. Lewis, aka "Willis Thomas," obstructed, delayed, and affected commerce, by robbery, in violation of Title 18, United States Code, Section 1951(a).

Count Two: On or about January 30, 2017, in the Southern District of Indiana, defendant Bryant A. Lewis, aka "Willis Thomas," during and in relation to the robbery set forth in Count One, used, carried, brandished, and discharged a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A).

I further state that I am a Task Force Officer with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

See attached Affidavit.

**Continued on the attached sheet and made a part hereof.**

Nicholas E. Stewart, Task Force Officer
Federal Bureau of Investigation

**Sworn to before me, and subscribed in my presence**

February 17, 2017 at Indianapolis, Indiana
**Date**

Debra McVicker Lynch, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

I, Nicholas E. Stewart, a Task Force Officer with the Federal Bureau of Investigation, United States Department of Justice, being duly sworn on oath, hereby depose and state as follows:

## INTRODUCTION

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and Federal Rule of Criminal Procedure 41(a)(2)(C), as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI).

2. I am a TFO with the FBI, Indianapolis Division. I have been so employed since March 2014, and as such have been assigned to investigate robberies and other criminal offenses which have occurred in the Southern District of Indiana. I have received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, search warrant applications, and various other criminal investigation methods. In the course of conducting investigations, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses, conducting physical surveillance, consensual monitoring and recording of both telephonic and non-telephonic communications, and executing search warrants. In addition to serving as a TFO, I am a Detective with the Indianapolis Metropolitan Police Department (IMPD). In that capacity, I am assigned to work investigations involving robberies, narcotics, gangs, and gun offenses. I have been employed as a police officer and, now detective, with IMPD since April 2000.

3. This affidavit is offered in support of a complaint and arrest warrant for BRYANT A. LEWIS, aka Willis Thomas, for an armed robbery of a CVS pharmacy store, committed in violation of Title 18, United States Code, Sections 1951 and 924(c).

4. The statements contained in this affidavit are based in part on information developed by other TFOs and Special Agents of the FBI and Officers and Detectives of IMPD who aided in the investigation of the robbery. Unless otherwise noted, whenever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or an investigator (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Likewise, any information pertaining to vehicles and registrations, personal data on subjects, and record checks, has been obtained through the Law Enforcement Automated Data System (LEADS), various state driver's license motor vehicle records, online database searches or the National Crime Information Center (NCIC) computers, and various open source databases such as LexisNexis.

5. Since this affidavit is being submitted for the limited purpose of supporting the application in this matter, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the probable cause for the issuance of the arrest warrant sought.

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE AS TO VIOLATIONS OF 18 U.S.C. §§ 1951 AND 924(c)

6. On January 30, 2017, at approximately 3:31 a.m., Officers and Detectives of the IMPD responded to the report of an armed robbery that occurred at the CVS pharmacy store located at 1030 North Arlington Avenue, Indianapolis, Indiana. This location is within the Southern District of Indiana, Indianapolis Division. Investigation revealed that the armed

robbery was committed as follows:

7. Upon arrival at the above-described CVS, IMPD Officer Kasper made contact with Victim #1 (whose identity is known to me but redacted herein), an employee of the CVS. Officer Kasper immediately detected what he knew through his training and experience to be the strong smell of cordite, indicating that a gun had recently been fired. Victim #1 stated that a black male (hereinafter, Robber) had just robbed the store. Victim #1 described the Robber as approximately 5' 8" and 170 pounds, wearing a black mask, black jacket, and a dark colored backpack, and being armed with a black gun.

8. While Officer Kasper was at the CVS, IMPD Officers Williams and House began checking the area just to the north of the CVS. Officer Kasper put out an updated description of the suspect over the radio to inform the other officers of who they were looking for.

9. Victim #1 told Officer Kasper that Victim #1 was towards the back of the store stocking shelves, when the Robber ran at him, armed with a gun, and ordered Victim #1 to the front of the store. Victim #1 stated that the Robber had a grip on the back of Victim #1's sweatshirt as the Robber walked Victim #1 to the front of the store at gun point. The Robber then ordered Victim #1 to open the register drawer and cash boxes. Victim #1 opened the register for the Robber, but told the Robbery that Victim #1 did not have the key for the cash boxes. The Robber then said "fuck it" and fired two rounds into the first cash box, causing it to open, and an additional round into the second cash box, causing it to open as well. The Robber then began shoving cash into his dark colored backpack and fled out of the front of the store.

10. After speaking with Victim #1, Officer Kasper learned that Officer Williams had a male that matched the description given, detained at 5933 East 12th Street. Officer Kasper spoke with Officer Williams, who told him that he was traveling west on East 12th Street from

Arlington Avenue when he observed a black male wearing a reflective vest walking north in front of the apartments. Officer Williams stated that he stopped the individual to confirm that he was not the suspect that had just robbed the CVS. After confirming that he was not the suspect, the male told Officer Williams that he had observed a black male carrying a backpack run into 5933 East 12th Street and that the male was still sitting on the stairs acting very suspicious.

11. Officer Williams approached the front door of the apartment building located at 5933 East 12th Street, looked through the window, and observed a black male wearing a dark hoody with a black jacket over it, and light colored pants, sitting on the stairs and reaching into a backpack that was sitting on his lap. Officer Williams entered the apartment building with his gun drawn and ordered the male to show his hands. The male complied with Officer Williams' orders, and Officer Williams was able to place him in handcuffs without incident. Officer Williams told Officer Kasper that while he was waiting for Officer House to arrive to his location for back up, the male, who identified himself as Willis Thomas, DOB XX/XX/1989 (redacted), stated without being asked any questions, that he had thrown the gun down by the Chase Bank and that he was ready to go to jail.

12. A large sum of money and a blue nitrile glove were found inside the backpack that was in the possession of the male who identified himself as Thomas.

13. A gun was later found by IMPD Officer Dobbs in the field just east of the apartment building. (A Chase Bank is located across Arlington Avenue from where the gun was found.) Additionally, a blue nitrile glove was found on a fence just north of the CVS, and there was a trail of money leading from the fence towards the apartment, ending at the gun location.

14. A CVS manager arrived at the CVS store to allow officers to review the camera footage of the robbery. After observing the camera footage, it was learned that the suspect that

Officer Williams had detained matched the suspect in the camera footage and was wearing similar, if not identical, clothing as the suspect in the camera footage.

15. The male who identified himself as Thomas was placed under arrest for Robbery, Kidnapping, and Criminal Recklessness with a Deadly Weapon.

16. Officers were not able to confirm the arrested male's identity through IMPD Communication. Officer Kasper transported the male to the IMPD Identification Officer to have him fingerprinted. The Identification Office was also unable to confirm the arrested male's identity. The male was arrested by Officer Kasper under the name and date of birth that he had given, to have his identity confirmed once ink fingerprints were run through another database.

17. The gun, backpack containing the money and nitrile glove, additional nitrile gloves, and loose money were recovered and photographed as evidence by IMPD Officer Clark. Officer Clark also photographed recovered three shell casings and multiple bullet fragments from the CVS. Officer Clark transported all evidence to the IMPD Property Room.

18. At the time of the robbery, the CVS store engaged in interstate commerce through the sale of retail merchandise that shipped from distribution centers located outside of Indiana. CVS' headquarters is located in Woonsocket, Rhode Island.

<u>IDENTIFICATION OF SUSPECT</u>

19. Shortly after the robbery, law enforcement received information that Willis Thomas was an alias used by the arrested male. After submitting fingerprints, the suspect was positively identified as BRYANT ANTHONY LEWIS, date of birth XX/XX/1995 (redacted).

## CONCLUSION

20. Based on the foregoing facts, I respectfully submit that probable cause exists to believe that on January 30, 2017, BRYANT A. LEWIS, aka Willis Thomas, committed an armed robbery of a CVS pharmacy store and, in so doing, used, brandished, and discharged a firearm, in violation of Title 18, United States Code, Sections 1951 and 924(c).

Nicholas E Stewart

Nicholas E. Stewart
Task Force Officer
Federal Bureau of Investigation
Indianapolis, Indiana

Subscribed and sworn to before me this 17 th day of February 2017.

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana